IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL PACHECO, | ) | 1:08cv01389 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| | ) | (Document 13) |
| | ) | |
| vs. | ) | |
| | ) | |
| L. ROSSON, SERGEANT, CITY OF CORCORAN POLICE DEPARTMENT; CITY OF CORCORAN; DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

Defendants L. Rosson and City of Corcoran ("Defendants") filed the instant motion to compel answers to interrogatories and the production of documents. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on September 18, 2009. Jeffery Nelson appeared on behalf of Defendants. Plaintiff Michael Pacheco did not appear.

**BACKGROUND**

Plaintiff Michael Pacheco ("Pacheco") filed this civil rights action on September 16, 2008. In the complaint, Plaintiff alleges that on July 29, 2007, when he was a minor, Defendant Rosson (and unnamed Does) arrested him for suspected alcohol consumption and transported him to Corcoran District Hospital. While at the hospital, Plaintiff received a call on his cell phone. Plaintiff, while handcuffed, pushed the speaker button and was informed that his baby was about to

1

be born.  After the call, Defendant Rosson grabbed Plaintiff's arm, took the phone and told Plaintiff that he was not supposed to talk on the phone.  In reaction to Defendant Rosson's hand squeezing his arm to the point of pain, Plaintiff stood up and told Defendant Rosson that he had not been told not to talk on his cell phone and that the call was from his sister telling him that his girlfriend was about to give birth to his child.  Defendant Rosson allegedly picked Plaintiff up and, with one hand on his neck, shoved Plaintiff's face into the floor, breaking out his two front teeth with sufficient force that they flew across the floor (one was not located) and causing blood to gush from his mouth, along with other injuries.  Plaintiff further alleges that Defendant Rosson and Does 1-10 falsely claimed that Plaintiff became combative and fell.

On January 21, 2009, Defendants propounded a request for production of documents on Plaintiff.

On April 16, 2009, the Court held a Scheduling Conference.  The Court entered a Scheduling Conference Order on May 8, 2009, setting the non-expert discovery deadline for March 31, 2010, and the expert discovery deadline for June 30, 2010.

On April 17, 2009, Defendants served a set of form interrogatories on Plaintiff's counsel.

Defendants did not receive responses to their requests for production of documents or form interrogatories.  Therefore, on July 1, 2009, defense counsel sent a letter to Plaintiff's counsel requesting answers and documents by July 16, 2009.  As of August 17, 2009, Defendants had not received any responses, and they filed the instant motion to compel discovery.

No opposition has been filed.

**DISCUSSION**

A.   Motion to Compel Discovery

Defendants move pursuant to Fed. R. Civ. P. 37(a)(1) for an order compelling Plaintiff to provide full and complete responses to interrogatories and request for production of documents.  Defendants explain that Plaintiff has failed to provide any discovery responses, and in the absence of responses, Defendants cannot prepare for or proceed to trial.  Motion, p. 2.  Plaintiff has not filed an opposition to the motion as provided for by Local Rule 37-251(e).

1    Accordingly, Defendants' motion to compel is GRANTED.

2  B.    Request for Expenses

3    Defendants request that the Court award costs and attorney's fees based on Plaintiff's failure
4 to respond to discovery.  Pursuant to Fed. R. Civ. P. 37, if the motion to compel is granted, the Court
5 must, after giving an opportunity to be heard, require the party whose conduct necessitated the
6 motion, the attorney advising that conduct, or both, to pay the movant's reasonable expenses
7 incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5).

8    As Plaintiff has failed to respond to Defendants' discovery requests and also has failed to
9 respond to the instant motion to compel, an award of attorneys' fees is appropriate pursuant to Fed.
10 R. Civ. P. 37(a)(5).  Accordingly, Defendants' request is GRANTED.

11    Based on the declaration of defense counsel, Jeffrey S. Nelson, his hourly rate is $175.00.  He
12 spent 1.5 hours preparing the motion to compel (1.5 x $175 = $262.50) and anticipates spending
13 another 3 hours traveling to and attending the motion to compel hearing (3 x $175 = $525).  Nelson
14 Dec. ¶ 5.  Therefore, Defendants request attorney's fees in the total amount of $787.50.

## CONCLUSION

As outlined above, Defendants' motion to compel is GRANTED.  Plaintiff Michael Pacheco shall provide responses, without objection, to the requested discovery within twenty (20) days of the date of this order.  Plaintiff is advised that a failure to respond to the requested discovery within the time specified by this Court may result in a recommendation that this action be dismissed.

In addition, the Court AWARDS Defendants the expenses incurred in making the motion in the amount of $787.50.  Plaintiff Michael Pacheco shall pay this amount to Defendants within twenty (20) days of the date of service of this order.

IT IS SO ORDERED.

Dated:    September 23, 2009            /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE